**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
CASE NO.  08-23256-CIV  COOKE/BANDSTRA

ADRON MATHIS,

    *Plaintiff*,

v.

ARCHITECTURAL MOULDING & MILLWORKS, INC, *et al*.,

    *Defendants*.

_____/

**ORDER ON MOTION FOR FINAL JUDGMENT AND ATTORNEY'S FEES**

    **THIS MATTER** is before the Court upon Plaintiff's Motions for Final Judgment and for Attorney's Fees and Costs [DE 17].  On November 24, 2008, Plaintiff filed a one-count Complaint against Defendants, alleging violations of the Fair Labor Standards Act 29 U.S.C. § § 201 *et seq*. ("FLSA"), in the failure to pay minimum wages for work Plaintiff performed.  *See* DE 1.  Plaintiff initially sought $3,150 in unpaid wages, plus liquidated damages and attorney's fees as appropriate.  On January 23, 2009, Defendants Architectural Moulding & Millworks, Inc. ("AMM") and Shanon Y. Siegfried filed an Answer [DE 6].  The Answer consists primarily of a handwritten response, on a Southern District of Florida form, admitting that some wages are due to Plaintiff, but that Defendants are trying to arrange to payment through the Department of Labor, Wage and Hour Division.  The Answer is signed by the corporation's president, Siegfried.

    Subsequent to the filing of the Answer, Plaintiff filed a Motion for Default or in the Alternative Judgment on the Pleadings [DE 7].  The Clerk entered an Order of Non-Entry of Default due to the Answer having been filed.  In response, Plaintiff filed a new motion for Judgment on the Pleadings which was nearly identical to the previously filed motion [DE 12].

The Court entered an Order to Show Cause requiring the corporate defendant to obtain counsel and show cause, by June 22, 2009, why Plaintiff's Motion for Judgment on the Pleadings should not be granted [DE 13].  By separate order, the Court denied as moot the first filed Motion for Judgment on the Pleadings.  The Order to Show Cause specifically warned that failure to comply "may result in the entry of judgment against Defendants without further notice."  To date, no attorney has made an appearance on behalf of either Defendant, and no response to the Motion for Judgment on the Pleadings nor the Order to Show Cause has been filed.

On June 26, 2009, the Court granted Plaintiff's Motion for Judgment on the Pleadings and instructed Plaintiff to file a calculation of damages and Motion for Final Judgment.  Additionally, Defendants were instructed to file any evidence of payments which would contradict Plaintiff's damages calculations or otherwise reduce the amount of damages.  Plaintiff has complied with the Court's Order but Defendant has not.

Plaintiff has alleged, and Defendants have not disputed, that the jurisdictional requirements for application of the FLSA are met here.  In calculating damages, Plaintiff notes that she was owed back wages of $3,150, but has received from Defendant six payments of $200 each, totaling $1200.  Accordingly, Plaintiff is now only seeking $1,950 in back wages.  Plaintiff is also seeking $3,150 in liquidated damages plus attorney's fees and costs totaling $3,163.  Upon review of the calculation of damages and the evidence supporting Plaintiff's counsel's fees and costs, the Court finds that Plaintiff should be awarded $1,950 in back wages and Plaintiff's counsel is entitled to $2,733 in attorney's fees plus $430 in costs.  However, some discussion is required before an award of liquidated damages can be determined.

By statute, Plaintiff is entitled to some amount of liquidated damages.  "Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or

equitable relief as may be appropriate . . . including . . . the payment of wages lost and an additional equal amount as liquidated damages." *See* 29 U.S.C. §216(b).  Employers are liable for liquidated damages in an amount equal to the amount of unpaid back wages.  Here, although the initial claim was for $3,150 in back wages, Plaintiff's calculation of damages makes clear that $1,200 of those wages has been paid and only $1,950 in back wages remains unpaid.  Therefore, Plaintiff is entitled to only $1,950 in liquidated damages, not the $3,150 claimed.  This is consistent with the Supreme Court's holding that "the liquidated damage provision is not penal in its nature but constitutes compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages." *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 707 (1945); *see also Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928, 934 (11th Cir. 2000) (quoting *Brooklyn Savings Bank*, 324 U.S. at 707).

Accordingly, it is hereby **ORDERED and ADJUDGED** that Plaintiff's Motion for Final Judgement [DE 17] is **GRANTED in part and DENIED in part** as follows:

Final Judgment is entered in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $3,900, constituting $1,950 in back wages and $1,950 in liquidated damages.

It is further **ORDERED** that Plaintiff's Motion for Attorney's Fees and Costs is **GRANTED** and Plaintiff is awarded $2,733 in attorney's fees plus $430 in costs.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 24th day of July 2009.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies to:
*Honorable Ted E. Bandstra*
*All counsel of record*

*Architectural Moulding & Millworks, Inc.*
*3545 NW 50th Street*
*Miami, Fl 33142*
*305-638-8900*
*PRO SE*

*Shanon Y. Siegfried*
*3545 NW 50th Street*
*Miami, Fl 33142*
*PRO SE*